## FRIBOURG v. HALL.

(Supreme Court, Appellate Term. March 14, 1907.)

SALES—ACTIONS FOR PRICE—EVIDENCE—SUFFICIENCY.

In an action by a dressmaker for services rendered in purchasing materials and making a dress for defendant's wife, evidence *held* to show that plaintiff made out a prima facie case, entitling her to recover, where defendant interposed no evidence whatever.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1056–1059.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Adele D. Fribourg against Augustus H. Hall. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

I. Henry Harris, for appellant.
Yankauer & Davidson, for respondent.

GILDERSLEEVE, P. J.: The action was brought by the plaintiff, who is engaged in the dressmaking business, against the defendant, for services rendered to the defendant in purchasing materials and making a dress for his wife. The theory sued on is that the dress is the property of the defendant and is held subject to his order. Upon the close of the plaintiff's case the defendant rested, and no evidence was interposed by defendant of any kind.

The undisputed facts are as follows: In the early part of November, 1905, Mrs. Hall called on the plaintiff, and ordered from a model shown to her by the plaintiff a three-piece chiffon velvet suit, consisting of a lace velvet waist, a hand-embroidered and black velvet coat, and a black velvet skirt, and agreed to pay therefor the sum of $175.

Plaintiff accepted this order, and made an entry thereof in her order book. At the time the order was given Mrs. Hall informed the plaintiff that she was the wife of Augustus H. Hall, residing with him in a private residence at No. 316 West Ninety-Eighth street, which it is conceded is in a very fashionable neighborhood at the corner of Riverside Drive, and referred to Tiffany & Co. and Arnold Constable & Co. as references. Satisfied with the apparent style of living and responsibility of the defendant, plaintiff proceeded to comply with the terms of the order. Thereafter there were five separate fittings, on all of which occasions the gown was satisfactory to Mrs. Hall. At the end of November, upon completion of the gown, it was delivered to the defendant by Julia Anderson, a girl in the plaintiff's employ. She testified that Mrs. Hall lived in a private house at the corner of Riverside Drive and Ninety-Eighth street; that when she got there she was directed to, and did, go up to the second floor, and take the gown out of its box and lay it on the bed; that as she was leaving she heard some one address Mrs. Hall, and ask her whether she intended wearing the gown that night, and Mrs. Hall said she would wear it that night. On the following day, plaintiff received a note from the defendant's wife stating that she wanted some alteration made in the gown. The gown was returned the same day, and when Mrs. Hall called upon the plaintiff she said the gown made her look too stout, and therefore she did not want it, and, furthermore, that she wanted a "Princess" gown. Her principal objection was that it made her look too stout, but she reiterated that she wanted a "Princess" gown, which was not the original order. Plaintiff offered to make a change in the gown in order to satisfy her, but Mrs. Hall said she would absolutely refuse to accept the gown. Plaintiff further testified that when the gown was returned she examined it, to see if there were any traces of its having been worn, and discovered that the shields in the armholes were rumpled, just as they would be if the gown had been worn.

This evidence, together with the testimony of Julia Anderson that she heard Mrs. Hall state that she intended to wear the dress in the evening of the day it was delivered, seems to indicate that Mrs. Hall wore the dress before she returned it. It seems to us that plaintiff made out a prima facie case. Wanamaker v. Weaver, 176 N. Y. 77, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. The defendant was at liberty to show, if such were the fact, that his means were such that a dress of this price was not a necessity for his wife, or that he had provided for her the necessaries sued for, or had furnished her with the means of so providing them; or he might have shown any other fact tending to rebut the presumption of his liability for necessaries furnished to his wife. He did not see fit to do so. There is no dispute as to the value of the work done and materials furnished.

We think the judgment should be affirmed, with costs. All concur.